# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | ED CV 16-00101-DMG (DFM) | Date | October 21, 2016 |
|---|---|---|---|
| Title | Larry Gene Oswald v. Jeffery Haga | | |

| Present: The Honorable | Douglas F. McCormick | |
|---|---|---|
| Nancy Boehme | | n/a |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| n/a | | n/a |

**Proceedings:**          (In Chambers) Order to Show Cause

Plaintiff filed his complaint in this matter on January 19, 2016. Dkt. 1. On February 5, 2016, this Court filed an order directing service of process on Defendant Jeffrey Haga in his individual and official capacity. Dkt. 5. The Court ordered the Clerk to provide Plaintiff with USM-285 forms and service of process instructions. Dkt. 6. Plaintiff submitted a notice on February 18, 2016 indicating that he had submitted his USM-285 forms to the U.S. Marshal's Service. Dkt. 7.

On April 15, 2016, and June 15, 2016, the U.S. Marshal's Service filed USM-285 Process Receipt and Return forms regarding efforts to serve Defendant Haga. Dkt. 11, 12, 13, and 14. The deputy marshal who signed each of these forms indicated that they were unable to make service on Defendant Haga at the addresses provided. Id.

"[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint, and, having provided the necessary information to help effectuate service, plaintiff should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform the duties required of each of them" under 28 U.S.C. § 1915 and Rule 4. Puett v. Blandford, 912 F.2d 270, 275 (9th Cir.1990); accord Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir.1994), abrogated in part on other grounds, Sandin v. Conner, 515 U.S. 472 (1995)). However, when advised of a problem in accomplishing service, a pro se litigant proceeding in forma pauperis must "attempt to remedy any apparent service defects of which [he] has knowledge." Puett, 912 F.2d at 274–275 (quoting and citing with approval Rochon v. Dawson, 828 F.2d 1107, 1110 (5th Cir.1987)). If service cannot be accomplished due to the pro se plaintiff's "neglect" or "fault," such as failing to provide sufficient information to identify or locate the defendant, and the plaintiff fails to remedy the situation after being put on notice, dismissal may be appropriate. See Walker, 14 F.3d at 1421–1422 (holding that a prisoner failed to show cause why his claims against a prison official should not be dismissed under Rule 4(m) where the prisoner failed to show "that he provided the marshal with sufficient information to serve [the defendant]"); see also Puett, 912 F.2d at 276 (vacating dismissal under Rule 4(m) and remanding for proper service by the U.S. Marshal

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | ED CV 16-00101-DMG (DFM) | Date | October 21, 2016 |
|---|---|---|---|
| Title | Larry Gene Oswald v. Jeffery Haga | | |

where the record revealed that the lack of timely service "was certainly not due to [the plaintiff's] neglect" because "[h]e conscientiously took numerous steps to ensure that the defendants would be served").

Therefore, it is Plaintiff's burden to provide sufficient information to enable the U.S. Marshal to serve Defendant Haga. Plaintiff has not done so, despite being notified of the continued defective service when he was served with a copy of the most recent unexecuted process return over four months ago. He has not provided additional identifying information about the unserved defendant, requested an extension of time to serve him, asked for leave to propound discovery on the County of San Bernardino or any other third party, or taken any other steps to address or remedy this service defect. Accordingly, the Court ORDERS Plaintiff to show cause in writing by no later than November 14, 2016, why this Court should not recommend that this action be dismissed without prejudice for failure to make timely service under Rule 4(m).

Initials of Clerk      _____ : _____

nkb