I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY FIRST CLASS MAIL, POSTAGE PREPAID, TO (SEE BELOW) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF RECORD IN THIS ACTION ON THIS DATE

TO:  DATE:  DEPUTY CLERK:
Plaintiff 05/07/2018  dv
Blank Civil Rights Form

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| LARRY GENE OSWALD, JR., <br><br> Plaintiff, <br><br> v. <br><br> JEFFERY HAGA, <br><br> Defendant. | No. ED CV 16-00101-DMG (DFM) <br><br> MEMORANDUM AND ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND |

## I.

## BACKGROUND

In 2016, Larry Gene Oswald, Jr. ("Plaintiff"), a pretrial detainee at the West Valley Detention Center ("WVDC") in Rancho Cucamonga, California, filed this pro se civil rights action under 42 U.S.C. § 1983. See Dkt. 1 ("Complaint"). The Complaint named Jeffery Haga, WVDC's Chief Medical Officer, as the sole defendant in both his individual and official capacity. See id. at 3. The Court granted Plaintiff's request for leave to proceed in forma pauperis. See Dkt. 4. After he was served, see Dkt. 22, Dr. Haga moved to dismiss the Complaint. See Dkt. 26. Near the same time, Plaintiff filed a Motion for Leave to File an Amended Complaint, which was essentially a

proposed First Amended Complaint ("FAC"). See Dkt. 32. The Court granted Plaintiff's motion and accepted the proposed FAC as the operative complaint in the case. See Dkt. 33.

In accordance with 28 U.S.C. §§ 1915(e)(2) and 1915A, the Court must screen the FAC for purposes of determining whether the action is frivolous or malicious; or fails to state a claim on which relief might be granted; or seeks monetary relief against a defendant who is immune from such relief.

## II.
## ALLEGATIONS AND CLAIMS

Plaintiff names as defendants: (1) Dr. Haga, in his individual and official capacity; (2) Dr. Wendalee Rivera Pacheco, in her individual and official capacity; (3) the San Bernardino County Sheriff's Department; and (4) various John and Jane Does. See FAC at 3-4.

According to the SAC, WVDC contracts with Arrowhead Medical Center in Colton, California to provide medical services to its inmates and detainees. See id. at 5.

Plaintiff has Hepatitis C and "other medical issues" that Dr. Haga has been aware of since Plaintiff's booking at WVDC on July 15, 2014, because Plaintiff told a nurse about his "health issues" during intake. See id. On August 2, 2014, Plaintiff signed a form to release his medical records to WVDC medical staff and gave them information for both of his treating doctors. See id. On October 27, 2014, Plaintiff was seen by Dr. Haga for lower back pain and sciatic pain. See id. Dr. Haga did not recommend X-Rays, CT Scans, or MRIs. See id.

On March 23, 2015, Plaintiff's liver was swollen. See id. On April 3, 2015, a nurse told Plaintiff that Hepatitis C treatment was not available at WVDC. See id. at 6. On March 24, 2015, Plaintiff was seen by John Doe of the medical staff who stated he would tell Dr. Haga to refer Plaintiff to a G.I.

specialist for possible Hepatitis C treatment. See id. The referral was made on April 16, 2015. See id. Dr. Haga denied the referral on April 21, 2015, despite knowing that Plaintiff suffered from chronic Hepatitis C. See id. Plaintiff notes that Dr. Haga requested and obtained blood reports showing that Plaintiff had Hepatitis C. See id.

Dr. Pacheco has also treated Plaintiff during his detention and prescribed medication to him, but she never referred him for any therapy, X-Rays, or to a "back doctor" or neurologist. See id.

Plaintiff also alleges that deputies were present in the exam room during Plaintiff's medical examinations, which violates "HEPA" and is embarrassing to Plaintiff. See id. at 7.

## III.
## STANDARD OF REVIEW

A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). In determining whether the complaint states a claim on which relief may be granted, its allegations of material fact must be taken as true and construed in the light most favorable to the plaintiff. Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). Since Plaintiff is appearing pro se, the Court must construe the allegations of the complaint liberally and must afford Plaintiff the benefit of any doubt. See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitzke v. Williams, 490 U.S. 319, 330 n.9 (1989). "'[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

Moreover, with respect to Plaintiff's pleading burden, the Supreme Court has held that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted, alteration in original); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (holding that to avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (internal citation omitted)).

If the Court finds that a complaint should be dismissed for failure to state a claim, the Court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000) (en banc). Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) (noting that "[a] pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment") (citing Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987)). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the Court may dismiss without leave to amend. Cato, 70 F.3d at 1105-06; see, e.g., Chaset v. Fleer/Skybox Int'l, 300 F.3d 1083, 1088 (9th Cir. 2002) (holding that "there is no need to prolong the litigation by permitting further amendment" where the

"basic flaw" in the pleading cannot be cured by amendment); Lipton v. Pathogenesis Corp., 284 F.3d 1027, 1039 (9th Cir. 2002) (holding that "[b]ecause any amendment would be futile, there was no need to prolong the litigation by permitting further amendment.").

## IV.
## DISCUSSION

### A. Plaintiff Fails to State a Claim against the Sheriff's Department

A local government entity such as the Sheriff's Department "may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is only when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 694 (1978). Thus, the Sheriff's Department may not be held liable for the alleged actions of its agents unless "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted or promulgated by that body's officers," or if the alleged constitutional deprivation was "visited pursuant to a governmental 'custom' even though such a custom has not received formal approval through the body's official decision-making channels." Id. at 690-91.

Plaintiff has failed to identify any policy statements or regulations of the Sheriff's Department, or any officially adopted or promulgated decisions, the execution of which inflicted the alleged injuries. Moreover, Plaintiff has failed to allege sufficient facts for the court to "draw the reasonable inference" that the Sheriff's Department has a governmental custom of committing the illegal acts alleged. The Court therefore concludes that Plaintiff has failed to allege sufficient facts for the Court to "draw the reasonable inference" that the Sheriff's Department has a governmental

5

custom of engaging in the kind of illegal conduct that Plaintiff is alleging occurred here. See, e.g., Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996) ("Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy."); Thompson v. Los Angeles, 885 F.2d 1439, 1443-44 (9th Cir. 1989) ("Consistent with the commonly understood meaning of custom, proof of random acts or isolated events are insufficient to establish custom."), overruled on other grounds, Bull v. City & Cnty. of S.F., 595 F.3d 964, 981 (9th Cir. 2010) (en banc). Accordingly, the FAC fails to state a claim against the Sheriff's Department.

### B. Plaintiff's Claims against Dr. Haga and Dr. Pacheco in Their Official Capacity Fail

The Supreme Court has held that an "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159, 166 (1985); see also Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th Cir. 1991). Thus, Plaintiff's claims against Dr. Pacheco and Dr. Haga in their official capacity are tantamount to claims against the Sheriff's Department. As discussed above, Plaintiff has failed to state a claim against the Sheriff's Department. The FAC therefore fails to state a claim against these individual defendants in their official capacity.

### C. Plaintiff's Individual Capacity Claims against Dr. Haga and Dr. Pacheco Fail

Plaintiff is a pre-trial detainee. Convicted prisoners who sue prison officials for injuries suffered while in custody do so under the Eighth Amendment's Cruel and Unusual Punishment Clause, whereas pretrial detainees sue for such injuries under the Fourteenth Amendment's Due Process Clause. Castro v. Cty. of L.A., 833 F.3d 1060, 1067-68 (9th Cir. 2016)

(en banc), cert. denied, No. 16-655, 2017 WL 276190 (U.S. Jan. 23, 2017); see also Kingsley v. Hendrickson, __ U.S. __, 135 S. Ct. 2466, 2475 (2015) (holding that "pretrial detainees (unlike convicted prisoners) cannot be punished at all, much less 'maliciously and sadistically'" (citation omitted)).

The Eighth Amendment's deliberate-indifference standard applies to pretrial detainees' claims of inadequate medical care under the Fourteenth Amendment. See Simmons v. Navajo Cty., 609 F.3d 1011, 1017 (9th Cir. 2010). Under the Eighth Amendment, a claim for inadequate medical care requires proof of both an objective component—i.e., the existence of a "serious medical need"—and a subjective component—a prison official's "deliberate indifference" thereto. Colwell v. Bannister, 763 F.3d 1060, l066 (9th Cir. 2014). An inmate's medical need is "serious" if failure to treat his medical condition "could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (citation omitted).

A prison official is deliberately indifferent under the subjective element of the test only if the official "knows of and disregards an excessive risk to inmate health and safety." Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Gibson v. Cty. of Washoe, 290 F.3d 1175, 1187 (9th Cir. 2002)). This "requires more than ordinary lack of due care." Farmer v. Brennan, 511 U.S. 825, 835 (1994) (quoting Whitley, 475 U.S. at 319). "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837. Neither gross negligence nor a difference of medical opinion is sufficient to establish deliberate indifference under the Eighth Amendment. See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

Recent cases have called into doubt the traditional understanding that a

7

pretrial detainee's claim for inadequate medical care is determined under the Eighth Amendment's subjective deliberate-indifference standard. See Kingsley, 135 S. Ct. at 2472-73 (holding that pretrial detainee's due-process claim for excessive force, unlike convicted prisoner's similar claim under Eighth Amendment, is governed by objective standard); Castro, 833 F.3d at 1070-71 (extending Kingsley to pretrial detainees' failure-to-protect claims and describing objective standard as "something akin to reckless disregard"); Guerra v. Sweeny, No. 13-01077, 2016 WL 5404407 (E.D. Cal. Sept. 27, 2016) (extending Castro to pretrial detainees' due-process claims for inadequate medical care, but noting that most district courts in this circuit have continued to apply Eighth Amendment deliberate-indifference standard to pretrial detainees' medical-needs claims).

      The Court need not resolve whether the subjective or objective standard applies to Plaintiff's claims because they clearly fail under either standard. Plaintiff's similar allegations in a different suit show that Dr. Pacheco prescribed Plaintiff with pain medication, Elavil. See Oswald v. San Bernardino County Sheriff, C.D. Cal. Case No. 16-1150, Dkt. 13 (order dismissing Second Amended Complaint with leave to amend, discussing Plaintiff's allegations). Essentially, Plaintiff claims that Drs. Haga and Pacheco should have run additional tests and referred him to a specialist. See id. It is well-established that Plaintiff's disagreement with Drs. Haga and Pacheco about his medical treatment cannot give rise to a constitutional claim. See Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981); see also Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989) ("A difference of [medical] opinion does not amount to a deliberate indifference to [plaintiff's] serious medical needs."); Jones v. Johnson, 781 F.2d 769, 771 (9th Cir.1986) ("state prison authorities have wide discretion regarding the nature and extent of medical treatment"). Even if Plaintiff alleged that there was disagreement among

medical professionals about his treatment, such disagreement would not rise to the level of a constitutional violation unless Plaintiff showed that Dr. Pacheco's or Dr. Haga's choice was medically unacceptable under the circumstances and chosen in conscious disregard of an excessive risk to his health. See Toguchi, 391 F.3d at 1058. He has not done so.

To the extent Plaintiff seeks to bring a Health Insurance Portability and Accountability Act ("HIPAA") claim against either individual defendant, HIPAA provides no private right of action. See Seaton v. Mayberg, 610 F.3d 530, 533 (9th Cir. 2010).

## V.
## CONCLUSION

Because Plaintiff fails to state any claim upon which relief may be granted, the FAC is subject to dismissal. The Court will give Plaintiff another opportunity to amend his claims because it is not "absolutely clear" that the deficiencies cannot cured by amendment. Accordingly, if Plaintiff still desires to pursue his claims, he shall file a Second Amended Complaint within thirty-five (35) days of the date of this Order remedying the deficiencies discussed above. It should bear the docket number assigned in this case; be labeled "Second Amended Complaint"; and be complete in and of itself without reference to the prior complaints or any other pleading, attachment or document. The Clerk is directed to send Plaintiff a blank Central District civil rights complaint form, which Plaintiff is encouraged to utilize.

///
///
///
///
///
///

**Plaintiff is admonished that, if he fails to timely file a Second Amended Complaint, the Court will recommend that this action be dismissed with prejudice for failure to diligently prosecute.**

Dated: May 07, 2018

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge